BARNET BERKOWITZ v. HENNING HANSEN.

Argued May 3, 1927—Decided May 20, 1927.

Contracts—Negotiable Instruments—Defendant Not Present at Trial Due to List Going to Pieces on First Day of Term— Not Necessary to Determine Whether Application to Set Aside Verdict Should be Made to the Trial Judge in the First Instance Since the Postea Had Not Been Filed Within Ten Days After the First Day of the Term Next After the Trial as Provided in Rule 117—Either Side May, and Plaintiff Normally Should, Notice the Cause For Retrial at the Next Term.

On motion to set aside verdict taken by default at the Circuit and award a retrial.

Before Justices PARKER and CAMPBELL.

For the plaintiff, *Harry L. Stout.*

For the defendants, *Hyman Herr.*

PER CURIAM.

The suit is by payee against maker of three promissory notes. The affidavits for defendants set up a defense which if true is undoubtedly meritorious; as to the third note they deny making it at all and so denied in their answer.

As to the first two notes they admit the execution of them but say they were in payment for cattle sold them by plaintiffs and warranted free from tubercular infection, but which were, in fact, tubercular and were slaughtered by the state authorities and were useless even for food.

The phase of surprise is not so clear. The venue in this case is laid in Hunterdon; defendant's attorney is located in Somerset. The Somerset and Hunterdon Circuits opened on the same day, and this may be the reason why the attorney asked a local lawyer at Flemington to answer the call for him. The case was not at the top of the list, and relying on cases ahead of it lasting through Tuesday, the opening

day, he arranged to attend on Wednesday, and as so frequently happens the preceding cases vanished into thin air, his case was called and moved, and tried in his absence.

There are some technicalities in the practice which make it doubtful whether on the present state of the record we could interfere at all, and whether application should not be made to the trial judge in the first instance. We need not stop to unravel them, because it appears that no *postea* has been filed up to this writing. Rule 117 of this court provides that "unless the *postea* be filed within ten days after the first day of the term next after the trial, such failure shall be considered, at the option of the opposite party, a waiver of the verdict or finding, unless the court in its discretion shall order otherwise." The ten days have elapsed, and under the circumstances we see no reason for interfering with the normal operation of the rule in this case, and it is safe to assume that defendants wish to rest upon it.

Hence, we need not deal further with the application before us.

Either side may, and plaintiff normally should, notice the cause for retrial at the next term.

The motion is dismissed; no costs awarded.